## LOWE v. LOOMIS.

Decided October 25, 1890.

1. *Usurious loan—Deed in fee as security.*

Where money is loaned at a usurious rate of interest to purchase a tract of land from the State, and the lender takes deed from the State to himself as security, the conveyance vests the State's legal title in him as trustee for the lender.

2. *Usury—Act of March 3, 1887—Cancellation of usurious security.*

Under the usury act of March 3, 1887, where in such case the money lender takes a deed absolute to land to secure the usurious loan, equity will decree a cancellation of the deed and restoration of the land to the borrower, without requiring the payment of any part of the usurious debt or interest as a condition of relief.

APPEAL from *Nevada* Circuit Court in Chancery.

C. E. MITCHEL, Judge.

Loomis was the owner and in possession of certain land which he permitted to forfeit to the State for non-payment of taxes. He applied to Hendricks to borrow two hundred and

forty dollars, the amount necessary to purchase the land from the State. With his consent Hendricks bought the land from the State, taking a deed direct to himself. Thereupon Loomis executed to Hendricks his note for two hundred and seventy dollars with ten per cent interest, and a mortgage upon the land to secure its payment. Some time thereafter Loomis, at the request of Hendricks, executed to him a quit-claim deed, as he claims, to secure the note above mentioned and accrued interest. Hendricks placed on record the deed from the State and that from Loomis, and conveyed the land to Lowe by a quit-claim deed. The consideration for the latter deed does not appear.

Lowe brought suit for possession of the land. During its pendency he secured possession of it. Loomis filed an answer and cross-bill, denying plaintiff's ownership and right to possession of the land, and alleging that the transaction with Hendricks constituted a usurious loan. He prayed that the note, mortgage and deeds mentioned be cancelled, and possession delivered to him.

The court held the transaction between Loomis and Hendricks to be a usurious loan, and that Lowe was not an innocent purchaser; and decreed that the note, mortgage and deed from Loomis to Hendricks, the deed from the State to Hendricks and that from Hendricks to Lowe be cancelled, and that defendant Loomis be restored to possession. Lowe has appealed.

*Atkinson & Tompkins* and *Sanders & Watkins* for appellant.

1. The deed from the State to Hendicks and from Loomis to Hendricks were not intended to operate as mortgages, but were absolute deeds. The uncorroborated oath of the vendee is not sufficient to show a deed, absolute on its face, to be a mortgage. 40 Ark., 149. There must be an indebtedness from the vendor to the vendee, and a continua-

tion of this indebtedness after the sale. In this case the State was the vendor, and Loomis a mere third party.

The evidence is not sufficient to establish the contention that the deed was a mortgage. The proof must be "clear, unequivocal and convincing." 118 U. S., 73; 116 U. S., 108; 97 U. S., 624; 129 U. S., 29; 40 Ark., 149.

2. The testimony fails to show usury. After Hendricks purchased the land from the State, he was dealing with his own, and it is immaterial what he charged Loomis for the land; they occupied then the relation of vendor and purchaser, and not borrower and lender, and the question of usury does not arise. 15 Iowa, 93.

3. But if the deed from the State was the result of a usurious contract and void, the title still remains in the State, and is unaffected by any subsequent transactions of the parties. If the deed was void for usury, it can operate neither as a deed nor mortgage. 7 S. W. Rep., 230; 1 S. E. Rep., 425; 3 S. E. Rep., 162.

4. Lowe was an innocent purchaser. 27 Ark., 6.

*Smoote, McRae & Arnold* for appellee.

1. The deed from the State, and from Loomis to Hendricks, were executed as between Loomis and Hendricks as a mortgage to secure a usurious debt and hence void. They were mere devices to cover a usurious loan. Acts 1887, pp. 50, 51; 41 Ark., 331; 51 Ark., 534; 51 Ark., 546; 51 Ark., 548; 48 Ark., 479.

2. A party claiming under a quit-claim deed cannot set up the claim of an innocent purchaser. 1 Am. St. Rep., 243; 79 Am. Dec., 187; 31 Ark., 253; 34 Ark., 590; 11 Wall., 217; 100 U. S., 578; 101 U. S., 494.

But the doctrine of innocent purchaser does not apply to usury cases. 41 Ark., 331.

COCKRILL, C. J. The evidence sustains the court's conclusion that the conveyances to Hendricks were intended only

as security for a usurious loan of money.  It is argued that, when that fact is established, it follows that the usury avoids the conveyance from the State, and that, the title not having passed from the State, the court erred in disturbing the possession of Hendricks' vendee in favor of Loomis. ` The State was not a party to the usurious contract, and her conveyance was not affected by it.  The conveyance therefore passed whatever interest the State had in the land.  The case of *Cleveland v. Tillar*, 47 Ark., 287, is authority in point. The legal title vested in Hendricks and `was held by him in trust as security for the loan.

But the loan being usurious, equity demanded a repayment of the principal with legal interest by the borrower who invoked the aid of the court, as a condition to the enforcement of the trust.  Upon that condition it was the rule for courts to interfere; and clothe the borrower with all his rights. *Cleveland v. Tillar*, 47 Ark., *supra*.  But the act of March 3, 1887, in express terms abolished the equitable rule.  Acts of 1887, pp. 50-1.  The legislature thought that the public interest would be advanced by permitting the borrower, though the beneficiary of the illegal contract, to sue for full relief, untrammelled by any rule of law or equity.  That is the purport of the act.  It authorizes the borrower to sue for the cancellation (among other things) of any conveyance executed to secure the performance of a usurious contract, and the delivery of possession of any lands held by virtue of the conveyance; and provides that he shall have relief without being required to pay any part of the usurious debt or interest as a condition thereof. It follows that neither his participation in the illegal contract, nor the turpitude of his conduct in appropriating the money of the lender, is any restraint upon his right to relief.  The policy of the act rests with the legislature.

Lowe, who is the vendee of Hendricks, took possession of the land from Loomis pending the suit, claiming only by

*Margin notes:*
1. Usurious loan—Deed in fee as security.

2. Usury act of 1887—Cancellation of usurious security.

virtue of the title which the decree annulled.    The court decreed a restoration of the possession to Loomis without vesting the title in him.    He was entitled to relief in both forms. But he has not appealed, and is not complaining; and Lowe is not injured by the court's failure to grant his adversary the full measure of the relief to which he was entitled.

It is argued that Lowe was an innocent purchaser.    Of that it is sufficient to say that the proof fails to show that he paid value for the land, or that he was ignorant of the sale between Hendricks, his vendor, and Loomis.

Affirm.